UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-CV-00003 SNLJ |
| ) | |
| THE GRAMMY AWARDS ON CBS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Self-represented plaintiff Ronald Satish Emrit brings this civil action against "The Grammy Awards on CBS." The matter is now before the Court upon the motion of plaintiff for leave to proceed in forma pauperis, or without prepayment of the required filing fees and costs. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion. *See* 28 U.S.C. § 1915(a)(1). After review of plaintiff's complaint, the Court will dismiss this action.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Plaintiff's Complaint**

Plaintiff Ronald Satish Emrit, who claims he is an unemployed part-time resident of the States of Florida and Maryland,[1] filed the instant action against "The Grammy Awards on CBS" alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*[2] The Court will hereinafter refer to defendant as "The Grammys."

Plaintiff states he is a recording artist and that a man named Robert Accatino of the Los Angeles chapter of the Grammy Awards unlawfully ended his membership in the Grammys in 2010. He asserts that he recently contacted the Grammys expressing his desire to re-join the Grammys so that he could take his Ukrainian fiancé to the Grammy Awards. Despite allegedly

---

[1]Plaintiff states that he spends half of the year in Maryland traveling with his father, who is a widely recognized musician on the Atlantic Coast.

[2]On the "Civil Cover Sheet," plaintiff has indicated that this action arises under the Court's federal question jurisdiction. *See* 28 U.S.C. § 1331.

being a "non-voting Grammys member between the years of 2005 and 2010," he was denied the ability to rejoin.

Plaintiff believes that "[j]ust like the Denny's lawsuits, [his] $45 million lawsuit against the Grammys alleges racial discrimination and that [he] is being discriminated against because [he] is] a black man or African-American, and that if [he] were a white man then [his] Grammys membership would have been reinstated."[3]

In Count One, plaintiff alleges a violation of his civil rights because the "Grammys have to pay attention to Civil Rights of African-Americans who are part of a suspect classification of discrete and insular minorities which have experienced invidious discrimination with the context of American jurisprudence." The plaintiff states that the recording artist known as "The Weeknd" also believes he has been discriminated against by the Grammys/NARAS[4] "based off of his status as an African-American." The plaintiff acknowledges that he is "nowhere near as popular as The Weeknd," but insists that he is still an independent recording artist and former Grammys member who believes he has been discriminated against based on race and ethnicity "no different from The Weeknd." The plaintiff asserts that the case should be a class action "substantially similar to the litigation brought by Brian Flores of the Miami Dolphins in the National Football League (NFL) regarding head coach positions in the NFL."

Plaintiff seeks monetary damages in this action in excess of $45 million for purported racial discrimination.

---

[3]Plaintiff indicates that he also told the Grammys that "he was a 2016 and 2020 presidential candidate with the number from the Federal Election Commission (FEC) as P60005535 and the committee number for the Political Action Committee (PAC) or Separate Segregated Fund (SSF) as C00569897." However, he has not indicated how this fact is pertinent to the present lawsuit.

[4]NARAS refers to National Academy of Recording Arts and Sciences which is a non-profit entity and is commonly referred to as "the Recording Academy." It appears that plaintiff is actually seeking to reinstate his membership in NARAS rather than in the Grammys, as the Grammy Awards were created by NARAS. According to their website, NARAS offers three types of membership: a Voting member; a Professional Member; and a Grammy U Member.

**Discussion**

After careful review and liberal construction of plaintiff's allegations, the Court finds that this case should be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's action is also subject to dismissal for improper venue.

A quick search reveals that the plaintiff has filed numerous cases in courts across the country both against the Grammys and against other corporations and individuals. In 2021, Judge William Conley of the Western District of Wisconsin dismissed one of the plaintiff's complaints for failure to state a claim and wrote:

> Before screening his claims, the court notes that Emrit has filed no fewer than 200 civil actions in federal district courts since 2013, and the Middle District of Florida has issued a "Vexatious Litigant Order" in a case he filed there, barring Emrit from filing any new document in that district without first obtaining written approval of its Senior Magistrate Judge. *Emrit v. Devos*, 20-cv-773, dkt. #11 (M.D. Fla. Apr. 20, 2020). Moreover, many of Ermit's other actions have been dismissed as frivolous, malicious or for failure to state a claim.

*Emrit v. Epic Medical Records*, Case No. 18-cv-937, 2021 WL 5881976 at *1 (W.D. Wis. Dec. 13, 2021) (citations omitted).

Other courts have dismissed similar allegations by the plaintiff against the Grammys. *Emrit v. The Grammy Awards on CBS*, No. 23-CV-499, 2023 WL 6545417, *2 (E.D.N.C. Sept. 15, 2023); *Emrit v. The Grammys Awards on CBS*, No. 23-CV-1155, 2023 WL 6577793, *1 (N.D.N.Y. Oct. 6, 2023); *Emrit v. National Academy of Recording Arts and Sciences,* No. A-14-CA-392, 2015 WL 518774 (W.D. Tex. Feb. 5, 2015).

The plaintiff alleges that the court "has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. But the complaint does not explain how the defendant violated Title VII or any other employment discrimination statute, or when or where.

Title VII prohibits an employer from "discharg[ing] any individual, or otherwise discimin[ating] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual 's race…" 42 U.S.C. § 2000e-2(a). There is no mention of an employment relationship between plaintiff and the Grammys. *See Smith v. St. Bernards Regional Medical Center*, 19 F.3d 1254, 1255 (8th Cir. 1994) (concluding "that the claims against the individual defendants were properly dismissed because liability under [Title VII] can attach only to employers"). Although the court must liberally construe a complaint brought by a person representing himself, that complaint must provide sufficient facts to state a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

At best, the plaintiff alleges that Robert Accatino of the Los Angeles Chapter of the Grammy Awards terminated the plaintiff's Grammys membership over thirteen years ago. He alleges that he recently requested to "re-join" the Grammys to attend an upcoming show and bring his fiancé. Other courts have explained to the plaintiff why these allegations are not sufficient to state a claim cognizable by a federal court. *See Emrit,* 2023 WL 6577793 at *3-4. Plaintiff has simply not alleged an employment relationship with the Grammys as contemplated by Title VII of the Civil Rights Act of 1964. As such, this action is subject to dismissal for failure to state a claim.

Furthermore, plaintiff has failed to establish proper venue in this District. To the extent the Court can determine what the plaintiff alleges that the defendant has done to harm him, none of that harm appears to have occurred in the Eastern District of Missouri. Plaintiff states on his "Civil Cover Sheet" that the Grammys' place of residence is in Los Angeles, California, and this is the location that Robert Accatino denied him membership in the Grammys. However, review of NARAS' documents, or the National Recording Academy's incorporation documents, indicates that NARAS is incorporated in the State of Delaware, with its headquarters in Santa Monica, California.

Claims arising under Title VII are strictly governed by the specific venue provisions in 42 U.S.C. § 2000e-5(f)(3). This section provides that Title VII claims may properly be brought in any judicial district in which: (1) "the unlawful employment practice is alleged to have been committed," (2) "the employment records relevant to such practice are maintained and administered," or (3) "the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. 2000e-5(f)(3). Review of these factors indicates that the complaint does not establish proper venue in this District. First, as noted *supra*, there is no indication of an employment relationship between plaintiff and the Grammys, let alone one that is within the Eastern District of Missouri. Additionally, because there was no employment relationship, no employment records or witnesses can be found in Missouri. For these reasons, this Court lacks venue to review plaintiff's action.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Given that plaintiff's complaint fails to state a claim, the interest of justice is not served by transfer and the court should dismiss the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant "The Grammy Awards on CBS" because the complaint fails to state a claim upon which relief can be granted and because this Court lacks venue over plaintiff's claims. Plaintiff's claims are **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1406(a).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of January, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE